UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDRAE LINZY A/K/A ANDRE ARMSTRONG,

            Plaintiff,

        -against-

RIKERS ISLAND CORRECTIONAL FACILITY;
NEW CANAAN POLICE DEPARTMENT; STATE
OF NEWYORK; STATE OF CONNECTICUT,

            Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**
10-CV-5279 (CBA)

AMON, United States District Judge:

Plaintiff, currently incarcerated at Clark County Detention Center in Las Vegas, Nevada, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated when he was improperly extradited from New York to Connecticut in 2008.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but for the reasons discussed below, the complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on August 3, 2008, after completing a sentence for Attempted Marijuana Possession and Bail Jumping at Rikers Island Correctional Facility, he was "illegally held in [the] booking area [of Rikers Island Correctional Facility] for more than 24 hours without shower or a bed; having to sleep on concrete floor for more than 72 hours awaiting Court for formal extradition to the State of Connecticut. Plaintiff never saw a judge or magistrate." Compl. at 2. Plaintiff further alleges that on or about August 7, 2008, he was picked up by New Canaan Police Department officers and transported to Connecticut. Id. On August 10, 2008, plaintiff

---

[1] This action was originally filed in the United States District Court for the District of Nevada on August 10, 2010, and transferred to this Court by Order dated November 15, 2010.

appeared before a United States District Judge in Norwalk, Connecticut. Id. at 3. "On or about September 9, 2008, plaintiff was released from Bridgeport Correctional Facility . . . after being illegally detained for 33 days by the State of Connecticut." Id. Plaintiff seeks unspecified damages. Id. at 1.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se,* his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). However, if a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Plaintiff's claims against the State of New York and the State of Connecticut must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89,

100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Moreover, Section 1983 provides that an action may only be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. Rikers Island Correctional Facility and the New Canaan Police Department are not "persons" within the meaning of section 1983. Griffin v. Rikers Island House of Detention for Men, No. 91 Civ. 1694, 1993 WL 17203, at *1 (S.D.N.Y. Jan. 19, 1993) (citing Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989). Plaintiff fails to name any individual defendants in his complaint, nor does he identify or describe any individuals who may be responsible for an alleged constitutional deprivation. As such, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

Accordingly, plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Judge Amon/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
November 30, 2010

3